# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Alberto Alfaro-Iza,<br><br>　　　　Defendant. | Case No. 2:13-cr-121-JAD-GWF<br><br>**Order Overruling Defendant Alberto Alfaro-Iza's Objections to Order of Magistrate Denying Defendant's Motion to Compel Disclosure of Grand Jury Transcripts and Names of Federal Grand Jurors [Doc. 35]** |

Defendant Alberto Alfaro-Iza was originally indicted on April 2, 2013, on one count of felon-in-possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1 at 1-2. He also claims to face criminal charges in Nevada State Court at this time. *See* Doc. 35 at 2.

On June 24, 2013, Defendant moved to compel the grand jury transcript of the proceedings resulting in his federal indictment, as well as a list of all jurors in the unofficial southern district of the District of Nevada. *See* Doc. 25. He argued that the lead criminal prosecutor in his pending Nevada State criminal action, Chief Deputy District Attorney David Stanton, had "expressly stated that he was a sitting federal grand juror at the time of [Defendant's federal] indictment," and had referred his felon-in-possession charge for federal

prosecution. *Id.* at 2. Defendant claimed that he was entitled to "limited information" regarding the federal grand jury proceedings to avoid a fundamental miscarriage of justice. Doc. 25 at 2-3.

On July 2, 2013, the government secured a Second Superseding Indictment against Defendant on his felon-in-possession charge. Doc. 26. The government then responded to Defendant's motion, contending that having independently secured a second indictment with a new grand jury on the same charge, Defendant's motion to compel was now moot. Doc. 29. U.S. Magistrate Judge Foley agreed, noting that Defendant had not met his burden to overcome the presumption of secrecy in grand jury proceedings, as "[n]one of the factors that potentially undergirded Defendant's claim of wrongdoing were present in the second grand jury proceedings." Doc. 34 at 2.[1]

Defendant now "objects" to Judge Foley's Order, Doc. 35, claiming that Judge Foley overlooked Alfaro-Iza's "particularized need" for the information in light of the potential involvement and influence of Stanton on the first grand jury. *Id.* at 6. Defendant argues that such actions "would be tantamount to prosecutorial and grand jury misconduct and would give rise to due process violations in the state case that could not be avoided except for the revealing of Mr. Stanton's role in the initial indicting grand jury." *Id.* at 7.[2] For the foregoing reasons, Defendant's objections are overruled.

## Discussion

Under 28 U.S.C. 636(b)(1)(A), a Magistrate Judge may be designated "to hear and determine any pretrial matter pending before the court," with some exceptions which are not applicable here. *Id.* Generally, the district court may then "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Under Fed. R. Civ. Proc. 72(a), a party may also object to the Magistrate Judge's

---

[1] The Government also requests that Defendant's motion to compel be stricken because Defendant allegedly failed to abide by the meet-and-confer clause in the parties' Joint Discovery Agreement, Doc. 17. Doc. 25 at 1. Judge Foley denied this motion. Doc. 34 at 3. Defendant does not object to this portion of Judge Foley's Order, and the Court does not revisit it here.

[2] The Government has filed a Response, Doc. 38, and Defendant has filed a Reply. Doc. 39.

1 determination of such matters by filing objections thereto no later than 14 days after being
2 served with a copy of the order; the district court may then "set aside any party of the order
3 that is clearly erroneous or contrary to law." *Id.* Defendant's objections were timely filed in
4 this instance.

## A. Particularized Need

Defendant argues that he demonstrated a particularized need for the information sought: it will assist him in avoiding an injustice in his state court proceedings and to identify federal-grand-juror misconduct and state-prosecutorial overreach. Doc. 35 at 7-8.[3] Even if not all of the information he requests should be provided, Defendant nonetheless argues that "a mere confirmation or denial of Stanton's role on the grand jury that originally indicted [Defendant] would be sufficient for the defendant's particularized need." *Id.* at 7. Given the limited nature of the disclosure sought, Defendant argues that disclosure will not compromise the grand jury's need for secrecy.

Federal Rule of Criminal Procedure 6(e)(2) presumes secrecy in grand jury proceedings. Rule 6(e)(3)(E) does permit the Court to disclose "a grand-jury matter–at a time, in a manner, and subject to any other conditions that it directs–of a grand jury matter: (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before a grand jury." *Id.* The Ninth Circuit cautions against an overly literal reading of Rule 6(e), which should be construed broadly to preserve the secrecy of grand jury proceedings. *See, e.g.*, *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781 (9th Cir. 1982); *United States v. Nix*, 21 F.3d 347, 351 (9th Cir. 1994) (noting that secrecy of grand jury proceedings "is an integral part of our criminal justice system."). Courts have applied the presumption of secrecy to production of the names

---

[3] Defendant claims that the prosecutor in question told him, in connection with his state court proceeding, "Look, if I'm involved in this, which I am, and I direct this case the way I do, yeah, the Feds are gonna' get the fraud part of it and I'm gonna' take the murder as it relates to you and everybody else involved in the murder . . . . Dude you're in a shit load of trouble." Doc. 35 at 3. Defendant also claims that the prosecutor "made an offer to [Defendant] which included not referring the subject charges for federal prosecution." *Id.* Defendant attaches a July 6, 2012, transcript of an interview, as well as an email communicating a plea deal, to his objections. *See* Doc. 35 at 14-24.

1  of grand jurors, *United States v. Thomas*, 545 F. Supp. 2d 1018, 1024-25 (N.D. Cal. 2008), as
2  well as grand jury transcripts. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)
3  (citing *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985)).

4  For both types of production requests "the party seeking access must make a strong
5  showing that: (1) disclosure is sought preliminary to or in connection with a judicial
6  proceeding, and (2) there is a particularized need for the materials." *In re Sells*, 719 F.2d
7  985, 989 (9th Cir. 1983); *See Murray*, 751 F.2d at 1533. The movant must also show "that
8  their request is structured to cover only material so needed." *Douglas Oil Co. of California*
9  *v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). The showing "must be made even
10 when the grand jury whose transcripts are sought has concluded its operations," so that the
11 Court properly considers the effect of disclosure on future grand juries. *Douglas*, 441 U.S. at
12 222. "Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely
13 because the grand jury has ended its activities." *Id.* In any event, "[m]ere unsubstantiated,
14 speculative assertions of improprieties in the proceedings do not supply the particular need
15 required to outweigh the policy of grand jury secrecy." *United States v. Ferreboef*, 632 F.2d
16 832, 835 (9th Cir. 1980) (quotation omitted). Grand jury proceedings should not be
17 disclosed to accommodate "across the board fishing expeditions." *United States v. Kim*, 577
18 F.2d 473, 478 (9th Cir. 1978).[4]

19 The scope of Defendant's "objection" is not clear. To the degree he re-urged his
20 original discovery request for the names of all grand jurors in the unofficial southern division
21 of the District of Nevada, and sought a copy of the transcript of his grand jury proceedings,
22 the Court finds that the request was an overly speculative "fishing expedition" that is not
23 reasonably calculated to cover only the information needed. Defendant never explains why
24 he needs *all* of the names of grand jurors or the complete transcripts to ascertain Stanton's
25 presence and/or Stanton's potential misconduct.

26

27
28  [4] Where such a particularized need is shown, "the trial judge's function is reduced to eliminating only extraneous material or issuing protective orders in unusual situations." *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991) (citing *Dennis v. United States*, 384 U.S. 855, 875 (1966)).

Perhaps cognizant of his prior overreach, Defendant now attempts to move the goal post by claiming in his Objection" that his request is "only that the Government reveal whether or not Stanton was among the grand jurors who initially indicted [Defendant]," and that Judge Foley "erred" in denying his "request to confirm or deny Stanton's presence on the grand jury." Doc. 35 at 9. This specific, limited request appears nowhere in Defendant's original motion to compel.[5] But even assuming *arguendo* that Defendant's objection to Judge Foley's Order was proper, confirming or denying Stanton's presence lends nothing without the context of the grand jury transcripts themselves, to determine whether Stanton unduly influenced the proceedings. However styled, Defendant fails to show a particularized need for either a list of all grand jurors, or Stanton's inclusion in isolation.

Further, although Defendant alluded to prosecutorial misconduct in his state court action, he failed to adequately show that obtaining the full transcript of these proceedings would lead to dismissal of his current criminal indictment or how, in particular, this information would assist in the defense of his federal or state law criminal proceedings. *See Murray*, 751 F.2d at 1533; *see also United States v. Finch*, 2010 WL 3834961, at *5 (D. Haw. Sept. 24, 2010) (citing *Murray*).[6] Defendant obviously could not show that dismissal of his federal indictment would be probable at the time Judge Foley considered his motion to compel—as by that time a second grand jury, apparently considering all of the government's original evidence, had indicted him on the same felon-in-possession charge. The Court finds that Defendant's contentions have not risen beyond the "speculative" level and that he has shown no need for the information, particularized or otherwise.

---

[5] This argument appeared in the last line of his Reply, in which he requested an *in camera* inspection of the grand jury materials "to determine if Stanton was a part of the federal grand jury presentment, and whether [he] was present for or participated in the grand jury deliberations." Doc. 31 at 6. This request for "limited" review conflicts with the arguments Defendant originally chose to raise in his motion to compel, i.e., a list "of the grand jury transcripts in this matter as well as the names of the federal grand jurors sitting in the southern district of the District of Nevada at the time of [Defendant's] indictment as well as those present for and/or participating in the indictment of [Defendant]." Doc. 25 at 1; *see also* Doc. 31 at 5 ("[T]he transcript of the grand jury proceedings and the names of jurors are absolutely necessary.").

[6] Defendant fails to request even excerpts of the first grand jury proceedings which might, suggesting a potential confusion with the governing law; the Court is disinclined to make Defendant's case for him.

### B.     Superseding Indictment and "Cure" of the Misconduct

Defendant also claims that the government may not simply wipe the slate clean by obtaining a superseding indictment if a reason exists to call into question whether the government obtained its original indictment by violating due process rights. *See* Doc. 35. Defendant claims that "public policy requires that the Government be held to a standard that does not condone or allow for the rubberstamping of egregious misconduct simply through a superseding indictment." *Id.* at 10. He also asserts that this misconduct is "capable of repetition, yet avoiding review," such that the government's "cure" of the issue does not prevent him from seeking relief. Doc. 35 at 5. He analogizes to double jeopardy cases and argues that "it may be inferred" that misconduct arising in an indictment may not be cured solely by obtaining a superseding indictment, as "the inference of impropriety is so great as to nearly ensure that the prosecutor would have knowledge and opinion that would taint not only his personal ability to be fair and impartial, but that it may bleed over to fellow grand jurors resulting in an indictment which is the product of misconduct." Doc. 35 at 9-10.

Defendant here references an exception to Article III standing for mootness, where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam). A "mere physical or theoretical possibility" will not satisfy this test; instead, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 483 (1982) (per curiam). Even assuming *arguendo* that the complained-of conduct occurred and that the referenced doctrine properly applied to a *part* of Defendant's case, he has produced no evidence at all that it is either reasonable or probable that he will be subject to future prosecutorial abuse in this federal forum. Defendant's cited cases are

factually inapposite,[7] and the Court's own search turned up no case that suggests the request Defendant now urges. And even Defendant acknowledges that "where evidence exists of misconduct so egregious it gives rise to a dismissal of an indictment, a reindictment is not precluded," so long as Defendant's right to a fair trial has not been prejudiced. *Id.* at 9. This is precisely what occurred here. Defendant does not claim that his right to a fair federal trial has been compromised by presentation of the second grand jury proceeding, and he does not challenge the validity or fairness of the second indictment, which the government secured after he filed his motion. *See United States v. Reed*, 726 F.2d 570, 578 (9th Cir. 1984) ("[D]ismissal of an indictment for prosecutorial misconduct does not bar reindictment."); *cf. United States v. Brooklier*, 685 F.2d 1208, 1215-16 (9th Cir. 1982).

In sum, having obtained the essence of what he requested—a grand jury indictment without indicia of conflict of interest, misconduct, or other impropriety—Defendant has pressed on, and under the guise of vague and unsubstantiated "policy" objectives now complains that Judge Foley did not permit him to use this federal action as a tool to obtain discovery for use in his state criminal proceedings.[8] If Defendant is entitled to seek support for his state criminal case from the grand jury proceedings, he must pursue it through the state case and the discovery tools available to him in that forum. But that question has not been properly presented to the Court. The objections to Judge Foley's Order are overruled. / / / /

---

[7] In particular, Defendant cites *In re Grand Jury Subpoena*, 41 F. Supp. 2d 1026 (D. Ak. 1999), a case involving a private entity's *compliance* with a grand jury subpoena request, and *Serena v. Mock*, a case involving Hispanic jurors who claimed not to have been notified of the grand jury process, and for which the Court found their objections to be moot. 547 F.3d 1051, 1053-54 & n.1 (9th Cir. 2008). The distinction between these cases and the case at bar should be too obvious to bear explanation.

[8] Indeed, Defendant claims in his Reply to this Motion that he "was previously charged in state court for the instant offenses . . . . These charges were subsequently dismissed and referred for federal prosecution." Doc. 39 at 3. The fact that the Court's knowledge of Defendant's state criminal proceedings is restricted to Defendant's self-serving and selective presentation is actually the strongest evidence against permitting the discovery he seeks.

**Conclusion**

**IT IS THEREFORE ORDERED** Defendant's Objection to Order of Magistrate Denying Defendant's Motion to Compel Disclosure of Grand Jury Transcripts and Names of Federal Grand Jurors [Doc. 35] is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order [Doc. 34] is **ADOPTED** to the extent it is consistent with this Order, and the Magistrate Judge's denial of Defendant's Motion to Compel [Doc. 25] is **AFFIRMED.**

DATED: February 11, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE